**1693**

1              IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
2                    EASTERN DIVISION

3

4

5   UNITED STATES OF AMERICA,       )   Docket No. 11 CR 119
                            )
6                Plaintiff,  )
                            )
7            vs.           )
                            )
8   JASWINDER RAI CHHIBBER,      )   Chicago, Illinois
                            )   March 13, 2012
                Defendant.  )   1:20 o'clock p.m.
9
          TRIAL TRANSCRIPT OF PROCEEDINGS - Verdict
10     BEFORE THE HONORABLE SUZANNE B. CONLON, AND A JURY
                     VOLUME 8
11
   APPEARANCES:
12
   For the Plaintiff:       HON. PATRICK FITZGERALD
13                      United States Attorney
                      BY:  MR. SAMUEL B. COLE
14                         MR. JOEL M. HAMMERMAN
                      219 S. Dearborn St., Suite 500
15                      Chicago, Illinois  60604

16
   For the Defendant:       PUGH, JONES & JOHNSON, P.C.
17                      BY:  MR. WALTER JONES, JR.
                         MR. JONATHAN B. CIFONELLI
18                      180 North LaSalle Street, Suite 3400
                      Chicago, IL  60601
19                      (312) 768-7800

20                      LAW OFFICE OF ROBERT ORMAN
                      BY:  MR. ROBERT ORMAN
21                      One North LaSalle Street, Suite 1775
                      Chicago, IL  60602
22                      (312) 372-0515

23   Court Reporter:          COLLEEN M. CONWAY, CSR, RMR, CRR
                      Official Court Reporter
24                      219 S. Dearborn Street, Room 2524-A
                      Chicago, Illinois  60604
25                      (312) 435-5594
                      *colleen_conway@ilnd.uscourts.gov*

**1694**

1          (The following proceedings were had in open court:)

2          THE COURT:  Call the case on trial, please.

3          THE CLERK:  11 CR 119, U.S.A. versus Jaswinder Rai

4  Chhibber, jury trial.

5          MR. HAMMERMAN:  Good afternoon, Your Honor.

6          Joel Hammerman and Sam Cole on behalf of the United

7  States.

8          MR. CIFONELLI:  Good afternoon --

9          THE COURT:  Good afternoon.

10          MR. CIFONELLI:  -- Your Honor.  Jonathan Cifonelli on

11  behalf of the defendant.

12          THE COURT:  Good afternoon.  I have received a note

13  from the jury that they have a verdict.  I can't read the name

14  of the foreperson.  I was given this note about five minutes

15  ago, I guess it was.

16          So, if you will be seated, we will find out what the

17  verdict is.

18          MR. HAMMERMAN:  Yes, Your Honor.

19          MR. CIFONELLI:  My client's on the way, Your Honor.

20  He'll be here in about five minutes.

21      (Jury in.)

22          THE COURT:  Good afternoon, members of the jury.

23  Please be seated.

24          I have been informed that you have reached a verdict.

25  Could you hand the verdict to the marshal, please.

**1695**

1    (Verdict tendered to Court.)

2         THE COURT:  Thank you.  We will wait a few minutes

3    until the defendant arrives.

4         (Pause.  Defendant, Mr. Jones and Mr. Orman enter.)

5         THE COURT:  The record should reflect that the

6    defendant and counsel are all present.

7         I ask the clerk to read the verdict of the jury.

8         THE CLERK:  "Count 1.  With respect to Count 1 of the

9    indictment, we, the jury, find as follows:  As to Defendant

10   Jaswinder Rai Chhibber:  Guilty.

11        "As to Count 2 of the indictment, we, the jury, find

12   as follows:  As to Defendant Jaswinder Rai Chhibber:  Not

13   guilty.

14        "Count 3.  With respect to Count 3 of the indictment,

15   we, the jury, find as follows:  As to Jaswinder Rai Chhibber:

16   Guilty.

17        "Count 4.  With respect to Count 4 of the indictment,

18   we, the jury, find as follows:  As to Defendant Jaswinder Rai

19   Chhibber:  Guilty.

20        "Count 5.  With respect to Count 5 of the indictment,

21   we, the jury, find as follows:  As to Defendant Jaswinder Rai

22   Chhibber:  Guilty.

23        "Count 6.  With respect to Count 6 of the indictment,

24   we, the jury, find as follows:  As to Defendant Jaswinder Rai

25   Chhibber:  Not guilty.

**1696**

1    "Count 7.  With respect to Count 7 of the indictment,

2    we, the jury, find as follows:  As to Defendant Jaswinder Rai

3    Chhibber:  Not guilty.

4            "Count 8.  With respect to Count 8 of the indictment,

5    we, the jury, find as follows:  As to Defendant Jaswinder Rai

6    Chhibber:  Guilty.

7            "Count 9.  With respect to Count 9 of the indictment,

8    we, the jury, find as follows:  As to Defendant Jaswinder Rai

9    Chhibber:  Guilty.

10           "Count 10.  With respect to Count 10 of the

11   indictment, we, the jury, find as follows:  As to Defendant

12   Jaswinder Rai Chhibber:  Not guilty.

13           "Count 11.  With respect to Count 11 of the

14   indictment, we, the jury, find as follows:  As to Defendant

15   Jaswinder Rai Chhibber:  Guilty.

16           "Count 12.  With respect to Count 12 of the

17   indictment, we, the jury, find as follows:  As to Defendant

18   Jaswinder Rai Chhibber:  Guilty.

19           "Count 13.  With respect to Count 13 of the

20   indictment, we, the jury, find as follows:  As to Defendant

21   Jaswinder Rai Chhibber:  Guilty.

22           "Count 14.  With respect to Count 14 of the

23   indictment, we, the jury, find as follows:  As to Defendant

24   Jaswinder Rai Chhibber:  Not guilty.

25           "Count 15.  With respect to Count 15 of the

1697

1    indictment, we, the jury, find as follows:  As to Defendant

2    Jaswinder Rai Chhibber:  Not guilty.

3              "Count 16.  With respect to Count 16 of the

4    indictment, we, the jury, find as follows:  As to Defendant

5    Jaswinder Rai Chhibber:  Not guilty."

6              Signed by all jurors.

7              THE COURT:  Do you wish the jury polled?

8              MR. JONES:  We do, Your Honor.

9              THE COURT:  All right.  What this means, members of

10   the jury, is that the clerk is going to call each of your

11   names.  When your name is called, please stand and indicate.

12   Her question to you will be:  Is this now and was this your

13   verdict?  And you give whatever your answer is.

14             THE CLERK:  Kenneth Dumas, was this and is this now

15   your verdict?

16             JUROR DUMAS:  Yes, it is.

17             THE CLERK:  Thank you.  Daniel Muntner, was this and

18   is this now your verdict?

19             JUROR MUNTNER:  Yes, it is.

20             THE CLERK:  Thank you.  Rhonda Janus, was this and is

21   this now your verdict?

22             JUROR JANUS:  Yes, it is.

23             THE CLERK:  Thank you.  Laurey Benshish, was this and

24   is this now your verdict?

25             JUROR BENSHISH:  Yes, it is.

1698

1        THE CLERK:  Thank you.  Stefanie Ryl, was this and is

2   this now your verdict?

3        JUROR RYL:  Yes, it is.

4        THE CLERK:  Thank you.  John Pope, was this and is

5   this now your verdict?

6        JUROR POPE:  Yes, it is.

7        THE CLERK:  Thank you.  Thomas Koontz, was this and

8   is this now your verdict?

9        JUROR KOONTZ:  Yes.

10        THE CLERK:  Thank you.  Robin Gols, was this and is

11   this now your verdict?

12        JUROR GOLS:  Yes, it is.

13        THE CLERK:  Thank you.  Shirley Belcher -- I'm sorry.

14        Susanne Carroccia, was this and is this now your

15   verdict?

16        JUROR CARROCCIA:  Yes, it is.

17        THE CLERK:  Thank you.  April Siegried, was this and

18   is this now your verdict?

19        JUROR SIEGRIED:  Yes.

20        THE CLERK:  Thank you.  Loy Baluyot, was this and is

21   this now your verdict?

22        JUROR BALUYOT:  Yes, it is.

23        THE CLERK:  Thank you.  Nathan Willert, was this and

24   is this now your verdict?

25        JUROR WILLERT:  Yes, it is.

**1699**

1       THE CLERK:  Thank you.  So say you all?  Is this your

2   verdict?

3       THE JURY:  Yes.

4       THE CLERK:  Thank you.

5       THE COURT:  Ladies and gentlemen, you have been here

6   a long time, almost two weeks, and I realize you have gone

7   through all kinds of weather conditions in that jury room, from

8   hot to cold and in between, but you have faithfully served the

9   community and your responsibilities as jurors.

10       I can tell by the verdict how carefully you went

11   through the evidence and considered the evidence presented, a

12   considerable amount of evidence, including a lot of documents,

13   and were very careful in reaching a verdict that is very, very

14   discerning.

15       I know you appreciate the seriousness of your

16   responsibility and be assured that you have the sincere

17   appreciation of all of us, as well as the gratitude of the

18   judges of the district.  As I think I said the first or second

19   day of trial, we simply cannot administer the system of justice

20   without the help of good, honest people like yourselves.  Thank

21   you.

22       As a very small token of the appreciation of the

23   United States District Court for Northern Illinois, we have

24   some certificates which the clerk will give you, and these

25   certificates will prove where you have spent the last couple

**1700**

1    weeks.  If an employer or spouse or someone wants to know what

2    you have been up to, you have the evidence.

3          So, with my sincere appreciation, thank you.  You are

4    discharged.

5          MR. JONES:  May I?

6          MR. COLE:  Your Honor?

7          THE COURT:  What is the problem?

8          MR. COLE:  There's this forfeiture allegation.  So I

9    think before the jury gets -- leaves, we need to decide that.

10         THE COURT:  Well, I am afraid I am going to have to

11   send you back to the jury room for one last time, which means

12   that there is something else to discuss.

13       (Jury out.)

14         THE COURT:  Would you please be seated and would you

15   please explain to me why you are now putting a forfeiture

16   allegation before the jury when nothing has been submitted to

17   me on this issue.

18         MR. COLE:  I think it was.  If it hasn't, I'm sorry.

19   Is there an issue of waiver?  Are you sort -- do you want to

20   talk to your client first?

21         MR. JONES:  We have to talk to him for five minutes.

22         THE COURT:  All right.  I will wait again.

23         MR. COLE:  It was part of the indictment.  It was a

24   forfeiture allegation.  It was a part of the indictment.

25         THE COURT:  We removed the forfeiture instruction, as

**1701**

1    you might recall.  There was no jury form for a forfeiture

2    finding.

3              I have another matter where counsel are waiting.  So

4    if you want to talk to your client about it, we'll reset this

5    trial.

6              MR. JONES:  Yeah, Judge, I understand.  This presents

7    sort of a unique problem.  I need to talk to my co-counsel --

8              THE COURT:  All right.

9              MR. JONES:  -- Judge.

10              THE COURT:  We will call the other case, then.

11              MR. JONES:  All right.

12         (Whereupon, the Court heard another matter on her call.)

13         (A change of court reporters was had.)

14

15

16

17

18

19

20

21

22

23

24

25

1  C E R T I F I C A T E

2

3

4

5          I, Colleen M. Conway, do hereby certify that the

6  foregoing is a complete, true, and accurate transcript of the

7  Trial proceedings, Volume 8, Pages 1693 to 1701, had in the

8  above-entitled case before the HONORABLE SUZANNE B. CONLON, one

9  of the Judges of said Court, at Chicago, Illinois, on

10 March 13, 2012.

11

12

13    _/s/ Colleen M. Conway, CSR,RMR,CRR_          _10/18/12_

14          Official Court Reporter              Date
           United States District Court
15        Northern District of Illinois
              Eastern Division

16

17

18

19

20

21

22

23

24

25

Colleen M. Conway, Official Court Reporter

1           (The following proceedings were had in open court outside

2            the presence of the jury:)

3           THE CLERK:  11 CR 119-1, USA versus Jaswinder Rai

4    Chhibber.  Jury trial.

5           MR. HAMMERMAN:  Good afternoon, your Honor.  Joel

6    Hammerman, Sam Cole on behalf of the United States.

7           MR. JONES:  Good afternoon, your Honor.  Walter Jones,

8    Jr., Robert Orman on behalf of the defendant.

9           THE COURT:  Yes.

10          MR. JONES:  Judge, what our position would be would be

11   twofold.  First of all, our position would be, by the

12   government failing to have this in front of the jury during the

13   deliberations, that they waived it.  If your Honor disagrees

14   with that for the moment, then we would -- we would sign the

15   waiver.  But I think --

16          THE COURT:  The issue was not submitted to the jury.

17   When -- as I recall the context, when the government gave me a

18   copy of the indictment to give to the jury, I called their

19   attention to the fact that the last few pages were a

20   forfeiture, and shouldn't I remove that from the indictment?

21   But there were no instructions on forfeiture.

22          MR. JONES:  That's correct, Judge.

23          THE COURT:  Nor if there was a plan for a post-verdict

24   hearing, jury decision, I didn't hear it.

25          MR. COLE:  Your Honor, this is undoubtedly my fault.

1    I assume when you wanted to remove the instructions at that

2    time, that --

3              THE COURT:  They weren't instructions.  It was a

4    forfeiture allegation in the indictment.

5              MR. COLE:  I'm sorry.

6              THE COURT:  Did not go to the jury.

7              MR. COLE:  Yes.  And I assumed --

8              THE COURT:  And the jury, by the way, has been sitting

9    there.  They reached a verdict almost an hour ago.  They've

10   been sitting in that jury room after being back there two

11   weeks.

12             MR. COLE:  I just thought you wanted to take that up.

13   You wanted to handle it separately from the guilt determination

14   afterwards.  I didn't -- we did not -- we were not clear on

15   that and I apologize for that.

16             THE COURT:  Well, what do you want?  Another jury

17   trial on --

18             MR. HAMMERMAN:  No, no, your Honor.

19             MR. COLE:  I think the defendant indicated that he's

20   willing to waive jury determination, will be up to the Court

21   later on to determine forfeiture at that point.

22             MR. JONES:  Actually what I think I am saying, Judge,

23   so that it's very clear, all -- our first argument to your

24   Honor would be that they waived it.  And if your Honor were to

25   disagree with that, then and only then would we agree to the

1   waiver to have the Court make the determination.

2           THE COURT:  Well, I don't know whether they waived it

3   or not.  I didn't know whether you had an agreement.  Generally

4   forfeiture is part of an agreed statement.

5           MR. JONES:  We had not discussed it.

6           THE COURT:  Certainly the government has other

7   recourses to seize the property.

8           Am I free to excuse the jury now?

9           MR. HAMMERMAN:  Yes.

10          MR. JONES:  No matter what, because we make our --

11          THE COURT:  Okay.  Just let's stop right there.

12          Alberta, would you please tell the jury -- thank the

13  jury and tell them that they may leave.  They better leave

14  before somebody thinks of something else.

15          All right.  Speaking of post-trial motions, how much

16  time does the defense need to file post-trial motions?

17          MR. JONES:  Judge, let me ask this:  I think we -- how

18  long does the Court normally allow?  I think we need -- this

19  has been a wrenching trial.

20          THE COURT:  The rule is ten days, I believe.

21          MR. JONES:  Judge, if you could see 21 days here?

22          THE COURT:  To April 2.  Any post-trial motions shall

23  be filed by April 2.

24          I am ordering a presentence investigation.  Defense

25  counsel want, one of you, take Dr. Chhibber over to the

1    probation office and so we can start this in progress.

2              Government's version to probation by the 19th.

3              MR. HAMMERMAN:  Your Honor, can we have two -- sorry

4    to interrupt.  Can we have two extra days, to the 21st?  I will

5    be indisposed for four, five of those days, so just to assist

6    Mr. Cole.

7              THE COURT:  All right.  That will delay -- it will

8    delay the work of the probation office.  All right.  Then

9    sentencing will be set for May 10, 1:00 o'clock.

10             Same bond to stand?

11             MR. HAMMERMAN:  Yes, your Honor.

12             THE COURT:  All right.  That means that Dr. Chhibber

13   is released on bond.

14             Dr. Chhibber, you must appear on May 11 at 1:30.  And

15   in the meantime, I've ordered a presentence investigation by

16   the probation office.  One of your attorneys will take you over

17   to probation and introduce you to the process.  You will have

18   an opportunity to submit any materials or information you think

19   is important that I understand about you.  You do that directly

20   with the probation office.  They will include your information

21   in their report.

22             You will have an opportunity to review the presentence

23   report in advance of sentencing with your attorneys.  So if

24   anything is inaccurate or missing, they can, your attorneys

25   can, address that directly with the probation office before I

5

1  even review your report.

2          THE DEFENDANT:  Yes.

3          THE COURT:  All right.  Anything else we need to do

4  today?

5          MR. HAMMERMAN:  Your Honor, the government -- you have

6  set the date for defense motions April 2.  Can the government

7  have two weeks until April 16 to respond to those motions?

8          THE COURT:  Yes.  Yes.

9          All right.  Is there anything else?

10         MR. COLE:  No, your Honor.

11         MR. HAMMERMAN:  Not at this time.

12         MR. JONES:  Thank you, your Honor.

13         THE COURT:  Thank you.

14         I ask the clerk to make copies of the verdict for you.

15 And the order will reflect the counts of conviction as well as

16 the counts of acquittal.  I will need a copy, too.

17         MR. JONES:  Judge, they changed these floors since my

18 day.  Does anybody know what floor the probation office is on?

19         THE CLERK:  Fifteen.

20         MR. JONES:  They keep changing these around.

21         THE COURT:  I wasn't even sure myself.  Okay.

22     (Which were all the proceedings had at the hearing of the

23      within cause on the day and date hereof.)

24

25

```
 1                          CERTIFICATE

 2            I HEREBY CERTIFY that the foregoing is a true, correct

 3   and complete transcript of the proceedings had at the hearing

 4   of the aforementioned cause on the day and date hereof.

 5


 6    /s/Alexandra Roth                          10/22/2012
     _____      _____
 7    Official Court Reporter                      Date
      U.S. District Court
 8    Northern District of Illinois
      Eastern Division
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```